# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| KAI J. TYLER, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:11-CR-0256-RWS-GGB-2 |
| | : | |
| UNITED STATES, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:13-CV-0676-RWS-GGB |

## FINAL REPORT AND RECOMMENDATION

Movant, Kai J. Tyler, has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [Doc. 186]. Under Rule 4 of the Rules Governing § 2255 Proceedings for the U.S. District Courts, the Court must "promptly examine" the motion and determine whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." If it does so appear, the Court "must dismiss the motion." Rule 4, § 2255 Proceedings. I have examined Movant's § 2255 motion and the record in this case and find it plainly apparent that Movant is not entitled to relief for the reasons explained below.

AO 72A
(Rev.8/82)

## I. Background

On May 4, 2011, a magistrate complaint was filed in this Court charging Movant and other co-defendants with conspiracy to possess with the intent to distribute marijuana. [Doc. 1]. On May 24, 2011, a grand jury in this Court returned a two-count indictment against Movant and his co-defendants, charging Movant with conspiracy to possess at least 100 kilograms of marijuana with the intent to distribute (Count One) and conspiracy to commit money laundering (Count Two). [Doc. 43].

On October 6, 2011, Movant entered a negotiated plea of guilty to Counts One and Two of the indictment. [Docs. 123, 185]. Movant entered into a written plea agreement with the Government, in which Movant waived his right to appeal or collaterally attack his sentence in the plea agreement. [Doc. 123-1 at 15]. However, Movant reserved the right to appeal an upward departure or an upward variance from the sentencing guideline range as calculated by the district court. [*Id.*]. Movant also reserved his right to appeal if the Government appealed the sentence. [*Id.*].

On March 15, 2012, the Court sentenced Movant to 60 months of imprisonment to be followed by a four year term of supervised release. [Doc. 147]. Movant did not appeal his sentence.

On March 1, 2013, Movant filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, raising the following grounds for relief:

1. counsel was ineffective at sentencing for failing to object to the firearm enhancement;

2. counsel was ineffective for failing to explain to Movant that "drug quantity and drug identity" were elements of the offense;

3. counsel was ineffective for failing to argue that $8,000.00 in seized funds was unaccounted for and was not "waived" in Movant's plea agreement;

4. counsel was ineffective for failing to adequately argue that Movant's prior convictions could not be used for the purpose of enhancement; and

5. counsel was ineffective for failing to argue that Movant was entitled to a sentence reduction based on his cooperation.

[Doc. 186].

## II. Discussion

The claims raised by Movant in his § 2255 motion should not be entertained by the Court because Movant, under the negotiated plea agreement, waived the right to collaterally attack his sentence. The waiver signed by Movant states:

> LIMITED WAIVER OF APPEAL: To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding

3

AO 72A
(Rev.8/82)

>   (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that the Defendant may file a direct appeal of an upward departure or an upward variance from the sentencing guideline range as calculated by the district court. The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government initiates a direct appeal of the sentence imposed, the Defendant may file a cross-appeal of that same sentence.

[Doc. 123-1 at 15].

A defendant who enters into a plea agreement may waive his right to appeal or collaterally challenge his sentence, and the waiver will be enforced if it is made knowingly and voluntarily. *See United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001), *cert. denied*, 536 U.S. 961 (2002); *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993). "One of the keys to enforcing a sentence appeal waiver is that the defendant knew he had a 'right to appeal his sentence and that he was giving up that right.'" *Bushert*, 997 F.2d at 1350 (quoting *United States v. Rutan*, 956 F.2d 827, 830 (8th Cir. 1992)). The Eleventh Circuit has held that an appeal waiver "will be enforced if the government demonstrates either: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver." *United States v. Grinard-Henry*, 399 F.3d 1294, 1296

4

(11th Cir. 2005). Furthermore, "[a] defendant may not attack the effectiveness of his sentencing counsel where there is a valid sentence appeal waiver in effect that prohibits a direct or collateral challenge on any ground." *United States v. Wilson*, 445 F. App'x 208, 208 (11th Cir. 2011) (citing *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005)).

In the case at bar, Movant acknowledged at the plea hearing that he had signed the plea agreement and that he understood the terms of the agreement. [Doc. 185 at 2, 11]. The Court reviewed the trial rights that Movant was giving up by entering a guilty plea, and Movant agreed to give up those rights. [*Id.* at 3-6]. In addition, the Court specifically addressed the negotiated appeal waiver with Movant during the Rule 11 plea colloquy as follows:

> THE COURT: In your plea agreement you have agreed to give up certain appeal rights and rights to challenge your conviction and sentence. Do you understand that typically a defendant does have a right to file an appeal? You can file a direct appeal immediately after your conviction and raise questions for the court of appeals to consider about actions taken in this court on your case, and then you would still also have the right to file a petition for writ of habeas corpus. It's technically called a 2255 motion, but it's an opportunity again to challenge your conviction and sentence and have it reviewed for certain issues to determine if this court correctly handled the case and properly followed the law and applied the law to the facts of your case. Those are rights that every defendant has unless he waives them or gives them up.

5

> In your plea agreement you've given them up. There's basically no opportunity for you to have a review of your case except in two very limited circumstances. One, if I impose a sentence that's greater than what the guidelines call for, you would have a right to appeal and challenge that increase in your sentence. And second, if for some reason the government filed an appeal, you would have a right to file a cross-appeal and raise issues on that cross-appeal. But those are the only two chances you'll have to have anything that I do challenged in any way in the case. Do you understand that?
>
> MOVANT: Yes, I do.
>
> THE COURT: Mr. Botts (Movant's counsel), have you discussed this with Mr. Tyler and do you believe he understands his waiver?
>
> MR. BOTTS: Yes, Sir.

[Doc. 185 at 19-20].

Here, it is clear from the record that Movant knowingly and voluntarily waived his right to appeal and collaterally challenge his sentence. Movant specifically acknowledged by signing the plea agreement and a separate certification that he understood that the appeal waiver in the plea agreement would prevent him, with the narrow exceptions stated, from appealing his conviction and sentence or challenging them in any post-conviction proceeding. [Doc. 123-1 at 15-17]. Further, the Court thoroughly explained to Movant during the plea colloquy that he was waiving his right to appeal or collaterally attack his sentence except for the two circumstances described in the waiver, and Movant indicated that he understood that he had waived

6

his rights. [Doc. 185 at 19-20]; *see United States v. Stevenson*, 131 F. App'x 248, 250 (11th Cir. May 12, 2005) (holding that, for a waiver to be valid, "during the plea colloquy, the district court must at least refer to the fact that the defendant is waiving his rights to appeal his sentence under most or certain circumstances"). Moreover, the Court specifically found at the plea hearing that Movant's plea was entered voluntarily with full knowledge of his rights. [*Id.* at 21-22]. Thus, Movant's waiver is valid.

When a movant challenges the constitutionality of his conviction or sentence after having waived the right to do so in a plea agreement, "the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver." *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). Finding that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing" the Eleventh Circuit opined that to hold otherwise would "permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim

7

of ineffective assistance, thus rendering the waiver meaningless." *Williams*, 396 F.3d at 1342.

Here, Movant's ineffective assistance of counsel claims raise mainly sentencing issues and do not deal with the negotiation of the plea or waiver. *Cf. Gomez-Estupinan v. United States*, No. 8:04CR84T24TGW, 2005 WL 2850070 (M.D. Fla. Oct. 28, 2005) (holding defendant's claim in motion to vacate raising ineffective assistance of counsel for failure to urge court to apply safety valve was waived by valid sentence appeal waiver). Thus, Movant's waiver of his rights to challenge his sentence is controlling with respect to the grounds for relief that he raises in his motion. Movant cannot circumvent the terms of his plea agreement merely because he does not like the outcome at sentencing.

To the extent that Movant's claim in Ground Two could arguably relate to the negotiation of the plea or waiver, the claim is without merit. In this ground, Movant argues that counsel was ineffective for failing to explain to him that "drug quantity and drug identity" were elements of the offense. However, any claim by Movant that he was unaware of the elements of the drug offense is belied by the record. The Court during the guilty plea hearing asked the Government to state the elements of

8

the two offenses that Movant was pleading guilty to, and the Government stated the following with regard to Count One:

> The Government must show, one, that two or more people in some way agreed to try to accomplish a shared and unlawful plan to possess in this case marijuana; the defendant knew the unlawful purpose of the plan and willfully joined in it; and third, the object of the unlawful plan was to possess with the intent to distribute more than a hundred kilograms of marijuana.

[Doc. 185 at 12-13].

The Court next asked Movant if he understood the elements of the offense, and Movant responded, "Yes, sir." [*Id.* at 14]. Thus, Movant's Ground Two is without merit.

### III. Certificate of Appealability

According to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See*

9

*Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Movant has failed to make a substantial showing of the denial of a constitutional right. Movant waived the right to collaterally attack his sentence. Accordingly, **I RECOMMEND** that a certificate of appealability be **DENIED**.

## IV.  Conclusion

Based on the foregoing, **I RECOMMEND** that Movant Kai J. Tyler's § 2255 motion [Doc. 186] be **DENIED**.

**I FURTHER RECOMMEND** that a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO RECOMMENDED**, this 15th day of April, 2013.

_____
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)